## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

KNORLY SMITH )
)
      Plaintiff, )
)
v. )
)
FRIEDMAN & MACFADYEN, P.A., )
MIRIAM S. FUCHS, )
JEFFREY HUSTON, )
JAMES J. LOFTUS, )
KENNETH J. MACFADYEN, )
DANIEL MENCHEL, )
)
      Defendants. )
)

Civil Action No. 3:11CV616

## INTRODUCTION

COMES NOW the Plaintiff, Knorly Smith, by counsel, and as for his Complaint against the Defendants, he alleges as follows:

1.     This is an action seeking damages arising from Defendants' unlawful attempts to collect a delinquent home mortgage debt allegedly owed by Plaintiff. Plaintiff alleges that Defendants, a debt collection law firm and the purported substitute trustees under the Deed of Trust engaged in numerous violations of federal law in that they: 1) initiated foreclosure activities when they had no present right to possession of the property, 2) knowingly made a series of false statements and representations in connection with the collection of the debt and of the attempted foreclosure on his home, and 3) failed to identify the name of the creditor to whom the alleged debt was owed, all in violation of the Federal Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. Plaintiff further alleges that, to the extent that any of the

named Defendants were validly and properly appointed as Substitute Trustees, such Defendants breached their fiduciary duties as trustees under the Deed of Trust by acting in a manner that conflicted with the interests of Plaintiff, failing to undertake necessary actions regarding the alleged foreclosure sale and notice of the alleged foreclosure sale as required under the Deed of Trust and by law, and by exceeding the scope of their authority.    Furthermore, Plaintiff alleges that Defendants acted fraudulently in that they knowingly made a series of false statements and representations in connection with the collection of the debt and of the attempted foreclosure on his home in their efforts to rush him through the foreclosure process. The Defendants each receive monetary benefit from doing so, including, but not limited to, incentive payments from the alleged mortgage servicers for the speed with which they are able to conduct foreclosures. Finally, Plaintiff alleges that Defendants engaged in a civil conspiracy to violate Virginia and Federal law.

## JURISDICTION

2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331, § 1367 and 15 U.S.C. § 1692k(d).

## PARTIES

3.    Plaintiff Knorly Smith (hereafter "Smith" or "Plaintiff") is a natural person and a consumer within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4.    Defendant Friedman & MacFadyen, P.A. (hereafter "Friedman and MacFadyen") is a law firm with offices in Maryland, Virginia, and Washington D.C., the principal purpose of whose business is the collection of debts, and is located at 1601 Rolling Hills Drive, Surry Building, Suite 125, Richmond, Virginia 23229.

5.     Defendant Miriam S. Fuchs is a natural person who purported to be a Substitute Trustee.

6.     Defendant Jeffrey Huston is a natural person who purported to be a Substitute Trustee.

7.     Defendant James J. Loftus is a natural person who purported to be a Substitute Trustee.

8.     Defendant Kenneth J. MacFadyen is a natural person who purported to be a Substitute Trustee and an attorney employed by Friedman & MacFadyen, P.A.

9.     Defendant Daniel Menchel is a natural person who purported to be a Substitute Trustee.

10.    Defendants regularly collect or attempt to collect debts owed or due another or alleged to be owed or due another, and each are a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

11.    Plaintiff borrowed $112,500.00 for his mortgage, as evidenced by a promissory note (hereafter the "Note"), dated April 20, 1998. The Note was payable to Liberty Financial Services, Inc. (hereafter "Liberty Financial").

12.    The Note was secured by a deed of trust dated April 20, 1998 (hereafter the "Deed of Trust") and recorded in the Clerk's office of the Circuit Court for Prince George's County.

13.    Plaintiff's Note and Deed of Trust obligated him to repay Liberty Financial.

### *Defendants Are Debt Collectors*

3

14.  Defendant Friedman and MacFadyen is a law firm whose practice is focused on the collection of debts.

15.  Defendant Friedman and MacFadyen advertises that it provides loss mitigation, bankruptcy, and foreclosure services to creditors.[1]

16.  Defendants regularly collect home loan debts.

17.  Defendants regularly demand payment from consumers of alleged arrearages and also provide to consumers reinstatement quotes and itemizations of amounts they are attempting to collect.

18.  Defendants regularly tell consumers in correspondence that "this is an attempt to collect a debt and any information obtained will be used for that purpose" and/or that the communication is from a debt collector.

19.  Defendants regularly attempt to provide the verification of debts required by the FDCPA, at 15 U.S.C. § 1692g(b), upon written request from consumers, and they state that they are doing so.

### Defendants Are "Appointed" to Collect a Debt

20.  Defendants sent various correspondences to the Plaintiff in an attempt to collect the alleged debt and further threatened that if the amounts demanded were not paid, they would conduct an alleged foreclosure sale.

21.  The subject line of the correspondences to Plaintiff was styled as if a lawsuit was to be filed.  However, none of the Defendants ever filed a lawsuit or intended to file a lawsuit against Plaintiff.

---

[1] *See* http://www.fmlaw.com/fmlaw.html

22.    For example, the letters sent to Plaintiff were styled "Chase Home Finance, LLC v. Knorly Smith."

23.    Defendants' letters included a notice, which stated:

> THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

24.    Defendants' correspondence to Plaintiff stated that Plaintiff's home would be foreclosed and sold unless Plaintiff paid the entire balance they claimed was due on the Note in full prior to the date of the scheduled foreclosure sale.

25.    The letters to the Plaintiff were signed by Defendant Friedman and MacFadyen as Substitute Trustee and did not include the amount of the debt or the name(s) of the creditor(s) to whom the debts were owed, nor was any notice with such information sent to Plaintiff within five (5) days of the initial correspondence.

26.    The various correspondences to the Plaintiff further included an alleged Deed of Removal and Appointment of Successor Trustees, which was filed in the Circuit Court for Prince George's County.

27.    Defendants claim that the Deed of Removal and Appointment of Successor Trustees gives them the authority to foreclose on Plaintiff's home, by appointing them each as substitute trustees.

28.    The Deed of Removal and Appointment of Successor Trustees stated that Chase Home Finance, LLC was the Noteholder of Plaintiff's mortgage loans at the time the document was prepared. Upon information and belief, this statement was false.

29.     The Deed of Removal and Appointment of Successor Trustees further stated that Chase Home Finance had appointed Defendants Kenneth J. MacFadyen, James J. Loftus, Miriam S. Fuchs, Jeff Huston, and Daniel Menchel as substitute trustees.

30.     The Deed of Removal and Appointment of Successor Trustees was signed by Mark H. Friedman as "Attorney-in-Fact" for the purported Noteholder and was thereafter allegedly notarized. Therefore, Defendant Friedman and MacFadyen essentially attempted to appoint itself, through its employees, as substitute trustee.

31.     Furthermore, Kenneth J. MacFadyen allegedly signed the Deed of Removal and Appointment of Successor Trustees, admitting that the instrument was prepared by him or under his supervision.

32.     Upon information and belief, the individuals who signed any sworn statements on behalf of the "Noteholders" or Kenneth J. MacFadyen or the individual who thereafter allegedly notarized the Deed of Removal and Appointment of Successor Trustees purporting to have personal knowledge of the facts contained in the sworn statement or the legal standing to take the actions described therein, did not have such personal knowledge or such legal standing. Upon information and belief, certain individuals who either signed these statements or purported to notarize them did not do so personally.

33.     At no time did the alleged Substitute Trustees, Defendants Kenneth J. MacFadyen, James J. Loftus, Miriam S. Fuchs, Jeff Huston, and/or Daniel Menchel, actually provide the requisite notice of the foreclosure sale in a manner that complied with Virginia law.

34. Furthermore, upon information and belief, the alleged Substitute Trustees maintain a financial and/or personal interest in Defendant Friedman and MacFadyen and are or were at the relevant time employed by Friedman and MacFadyen, and thus none of these persons is an impartial or neutral "substitute trustee."

35. In fact, an attorney employed by Defendant Friedman and MacFadyen has consistently maintained in the related *Goodrow* matter that he and the law firm each have an attorney-client relationship with every possible entity involved – the alleged investors, noteholders and servicers – on the loans that he ultimately attempts to foreclose upon, and has refused to answer questions regarding his interactions with those entities at a deposition, citing the attorney-client privilege as the basis for not disclosing such information:

```
 9      Q    Okay.  At the time you sent this letter,
10   what evidence of the indebtedness did you have?
11      A    We had the information contained in the
12   referral, not limited to this header document that you
13   have gone through, Exhibit 3.
14      Q    What other information did you have in the
15   referral?
16           MR. BIONDI:  I'm going to object to
17   attorney/client privilege.  The referral would include
18   instructions and requests for advice from a client to
19   Mr. Muncy or lawyers in his firm.
20           MS. KELLY:  So you're instructing him not
21   to answer obviously?
22           MR. BIONDI:  Yes.
23           MS. KELLY:  Just to clarify, are you
24   instructing Mr. Muncy not to answer regarding anything
25   else that may be in the referral documents?

 1           MR. BIONDI:  You had asked what other
 2   information was communicated to Mr. Muncy, who's the
 3   attorney at Friedman & MacFadyen, by the clients,
 4   which is Met Life Home Loans.
 5           MS. KELLY:  In the referral.
 6           MR. BIONDI:  In the referral, which I
```

7

```
 7   don't know what could be in there, whether there's
 8   going to be advice, request for advice, instructions.
 9   Those matters are reasonably to be anticipation of
10   litigation at this point. I'm sorry. Take that back.
11   Not litigation. But it's definitely part of the
12   attorney/client relationship and the purpose of the
13   representation conducting the foreclosure.
```

```
16       Q    What instructions did you receive from
17   First Horizon regarding Mr. Goodrow's mortgage loan?
18           MR. BIONDI:  Don't answer that question.
19   Attorney/client privilege.
21       Q    Did you communicate with First Horizon to
22   verify that they were the noteholder of Mr. Goodrow's
23   mortgage loan?
24           MR. BIONDI:  Wait a minute. Same
25   objection.
 1   BY MS. KELLY:
 2       Q    Did you communicate with Met Life at all
 3   to verify who the noteholder was regarding
 4   Mr. Goodrow's mortgage loan?
 5           MR. BIONDI: I think I have the same
 6   objection. You're trying to avoid the substance, but
 7   you're trying to substitute the substance into the
 8   question and then asking the question.
10       Q    Did you communicate with Fannie Mae
11   regarding their investment in Mr. Goodrow's mortgage
12   loan?
13           MR. BIONDI: I object. Attorney/client
14   privilege.
16       Q    Did you communicate with Fannie Mae at all
17   regarding their ownership interest in Mr. Goodrow's
18   mortgage loan?
19           MR. BIONDI:  Same objection.
```

## Count I: Violations of the FDCPA, 15 U.S.C. § 1692g(a)(1)

36.   Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at

length herein.

37.   Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(a)(2)

by their actions, which include, but are not limited to, failing to disclose to Plaintiff

the amount of the debt within five days after their initial communication with Plaintiff.

38.   As a result, Plaintiff is therefore entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendants pursuant to 15 U.S.C. § 1692k.

**Count II: Violations of the FDCPA, 15 U.S.C. § 1692g(a)(2)**

39.   Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

40.   Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(a)(2) by their actions, which include, but are not limited to, failing to disclose to Plaintiff the creditor to whom the debt was owed within five days after their initial communication with Plaintiff.

41.   As a result, Plaintiff is therefore entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendants pursuant to 15 U.S.C. § 1692k.

**Count III: Violations of the FDCPA, 15 U.S.C. § 1692e(2)(A)**

42.   Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

43.   Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(2)(A) by their actions, which include, but are not limited to, the false representation of the character, amount or legal status of any debt.

44.    As a result, Plaintiff is therefore entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendants pursuant to 15 U.S.C. § 1692k.

### Count IV: Violations of the FDCPA, 15 U.S.C. § 1692e(2)(B)

45.    Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

46.    Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(2)(B) by their actions, which include, but are not limited to, the false representation of any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

47.    As a result, Plaintiff is therefore entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendants pursuant to 15 U.S.C. § 1692k.

### Count V: Violations of the FDCPA, 15 U.S.C. § 1692e(5)

48.    Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

49.    Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(5) by their actions, which include, but are not limited to, the threat to take any action that cannot legally be taken or that is not intended to be taken.

50.    As a result, Plaintiff is therefore entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendants pursuant to 15 U.S.C. § 1692k.

### Count VI: Violations of the FDCPA, 15 U.S.C. § 1692e(10)

51.   Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

52.   Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(10) by their actions, which include, but are not limited to, the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

53.   As a result, Plaintiff is therefore entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendants pursuant to 15 U.S.C. § 1692k.

## Count VII: Violations of the FDCPA, 15 U.S.C. § 1692f(1)

54.   Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

55.   Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(1) by their actions, which include, but are not limited to, the collection of any amount not expressly authorized by the agreement creating the debt or permitted by law.

56.   As a result, Plaintiff is therefore entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendants pursuant to 15 U.S.C. § 1692k.

## Count VIII: Violations of the FDCPA, 15 U.S.C. § 1692f(6)(A)

57.   Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

58.   Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(6)(A) by their actions, which include, but are not limited to, taking or threatening to take

any non-judicial action to effect dispossession or disablement of property when there was no present right to possession of the property claimed as collateral through an enforceable security interest.

59.     As a result, Plaintiff is therefore entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendants pursuant to 15 U.S.C. § 1692k.

### Count VIX:  Trustees' Breach of Fiduciary Duties

60.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

61.     Plaintiff alleges a cause of action for Defendants' breach of fiduciary duties under the common law of the Commonwealth of Virginia.

62.     To the extent that they were properly appointed as trustees, Defendants were the fiduciaries for both the Plaintiff and the Noteholder, thus owing fiduciary duties to both parties.

63.     Defendants breached their fiduciary duties by knowingly failing to act impartially, failing to undertake necessary actions regarding the attempted foreclosure sale and notice of the foreclosure sale, and exceeding the scope of their authority.

64.     As a result, Plaintiff suffered injury and is entitled to recover actual damages and costs against Defendants.

65.     Additionally, because Defendants' actions were willful and with knowledge that they were taken in breach of fiduciary duties, Plaintiff is entitled to recover punitive damages for such amount as the trier of fact may determine.

### Count X:  Fraud

66.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

67.     Plaintiff alleges a cause of action for actual and/or constructive fraud under the common law of the Commonwealth of Virginia.

68.     Defendants made a material false representation in the Deed of Removal and Appointment of Successor Trustees filed in the Circuit Court for Prince George's County, including but not limited to, that Chase Home Finance was the current Noteholder of Plaintiff's mortgage.

69.     Upon information and belief, Defendants further misrepresented that the individual who signed the Deed of Removal and Appointment of Successor Trustees on behalf of Mark H. Friedman as Attorney in Fact for Chase Home Finance, purporting to have personal knowledge of the facts contained in the sworn statement or the legal standing to take the actions described therein, did have such personal knowledge or such legal standing. In reality, the Defendants prepared the substitute trustee appointment document and signed it themselves, at which time it was notarized by someone who claimed to be the notary whose stamp appeared on the page and who claimed to have witnessed the signature of the alleged officer, properly notarizing the appointment in question.

70.     Upon information and belief, Defendants also misrepresented that the individual who notarized the Deed of Removal and Appointment of Successor Trustees purporting to have personal knowledge of the facts contained in the sworn statement or the legal standing to take the actions described therein, did have such personal knowledge or such legal standing.

71.   In their correspondences to Plaintiff, Defendants made a material misrepresentation, including but not limited to, that Defendant Friedman and MacFadyen was an appointed substitute trustee.

72.   In their correspondences to Plaintiff, Defendants made one or more material misrepresentations, including but not limited to, that Chase Home Finance was the current Noteholder of Plaintiff's mortgage.

73.   Defendants intentionally made these misrepresentations to Plaintiff with intent to mislead him into believing these representations were true, and Plaintiff relied on such misrepresentations to his detriment.

74.   As a result of Defendants' misrepresentations, Plaintiff suffered injury and is entitled to recover actual damages and costs against Defendants.

75.   Plaintiff also suffered substantial unliquidated and noneconomic damages for the damage to his reputation, his time and his ongoing distress over the subject debt.

76.   Additionally, because Defendants' actions were willful and with knowledge of their untruthfulness or with conscious disregard for Plaintiff's rights, Plaintiff is entitled to recover punitive damages for such amount as the trier of fact may determine.

## Count XI:  Civil Conspiracy

77.   Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

78.   Plaintiff alleges a cause of action against Defendants for civil conspiracy under the common law of the Commonwealth of Virginia.

79.   Defendants, separate entities and/or persons, accomplished, through concerted action and a preconceived plan and unity of design and purpose, actions including but not

limited to, the attempted or actual collection of an alleged debt and/or the attempted foreclosure of Plaintiff's property in violation of Virginia and Federal law.

80.    Furthermore, Defendants accomplished, through concerted action and a preconceived plan and unity of design and purpose, actions including but not limited to, the use of falsified signatures and perjurous statements in their correspondence to Plaintiff and in court filings in violation of Virginia and Federal law.

81.    The unlawful purpose was to use such fraudulent signatures and sworn statements to make a false statement to the Circuit and Civil Courts – one that the parties knew was false when made and to proceed in the collection of a debt and foreclosure that Defendants knew was not in compliance with the law.

82.    Defendants conducted themselves in this manner with intent to defraud and with legal and actual malice as to the Plaintiff and to the Courts.  Plaintiff is entitled to and each Defendant is obligated to pay punitive damages.

83.    As a result of Defendants' conduct in furtherance of the conspiracy, Plaintiff suffered injury and is entitled to recover damages including, but not limited to, actual damages and costs against Defendants.

84.    Plaintiff also suffered substantial unliquidated and noneconomic damages for the damage to his reputation, his time and his ongoing distress over the subject debt.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests that the Court grant the following relief:

1.    Award Plaintiff actual damages;

2.    Award Plaintiff statutory damages;

3.    Award Plaintiff punitive damages;

4.      Award Plaintiff reasonable attorney's fees;

5.      Award Plaintiff costs;

6.      Such other relief the court deems just and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**KNORLY SMITH**

By _Matthew J Erausquin_
Of Counsel

Matthew J. Erausquin, VSB# 65434
Leonard A. Bennett, VSB# 37523
*Counsel for the Plaintiff*
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel:    (703) 273-7770
Fax:    (888) 892-3512
matt@clalegal.com
lenbennett@clalegal.com

Dale W. Pittman, VSB# 15673
*Counsel for the Plaintiff*
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
Tel:    (804) 861-6000
Fax:    (804) 861-3368
dale@pittmanlawoffice.com

Kristi Cahoon Kelly, VSB# 72791
*Counsel for the Plaintiff*
SUROVELL, ISAACS, PETERSEN & LEVY, PLC
4010 University Drive, Suite 200
Fairfax, VA 22030
Tel:    (703) 277-9774
Fax:    (703) 591-9285
kkelly@siplfirm.com